IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEVEN KELLER,

      Appellant,

 v.                                          Case No.  5D17-635
                                                          5D17-639

OLIN RAMSEYER o/b/o A.R.
and B.R., MINORS,

      Appellee.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Brevard County,
Kenneth Friedland, Judge.

Patrick M. Megaro, Robert L. Hughes and
Joseph G. Easton, of Halscott Megaro,
P.A., Orlando, for Appellant.

David A. Baker and Mark A. Cavins, of The
Law Office of David A. Baker, P.A.,
Rockledge, for Appellee.

PER CURIAM.

      In this consolidated appeal, Appellant (the stepfather of the alleged minor victims)

challenges final judgments of injunction for protection against sexual violence filed by

Appellee (the father of the alleged minor victims).  Although the children denied the

allegations during the videotaped interview with the Child Protection Team and there were

no eyewitnesses to the alleged abuse, the trial judge granted the injunction primarily based on Appellee's testimony about what his children allegedly told him. Appellant's threshold claim of error relates to the admissibility of this testimony under section 90.803(23), Florida Statutes (2017). We need not address this evidentiary issue here because we conclude that Appellant's other claim of error based on section 784.046(4)(a), Florida Statutes (2017), is dispositive. In this case, there were no eyewitnesses, affidavits from eyewitnesses, or direct physical evidence of the alleged abuse to support the allegations. Accordingly, there was a lack of substantial, competent evidence to support the injunction. *See T.B. v. R.B. (In re A.B.)*, 186 So. 3d 544 (Fla. 2d DCA 2015) (holding that mother failed to meet requirements of section 784.046(4)(a) for obtaining injunction against father where she was not eyewitness to alleged acts and failed to introduce physical evidence or affidavit from eyewitness to alleged acts). The final judgments are reversed.

REVERSED.

TORPY, BERGER and EDWARDS, JJ., concur.